**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF CONNECTICUT**

| | |
|---|---|
| MARTIN PHILLIPS,<br><br>             Plaintiff,<br>  v.<br><br>PHILIPS ELECTRONICS NORTH<br>AMERICA CORP.,<br><br>             Defendant. | 3:12-CV-01005 (CSH) |

**ORDER**

## I.   **INTRODUCTION**

Plaintiff Martin Phillips (hereafter "Plaintiff") brought this action against his former employer, Philips Electronics North America Corp. (hereafter "Defendant") seeking damages and equitable relief for age discrimination. [Doc. 1] at 1.  Plaintiff claims that he was unlawfully and willfully terminated due to his age in violation of 29 U.S.C. § 626(b) and 29 U.S.C. § 216(b). Plaintiff seeks reinstatement, compensatory damages for past and future lost wages, benefits and other employee compensation, as well as liquidated damages, attorneys' fees, and other damages. *Id*. at 2.  Defendant initially filed an Answer to Plaintiff's Complaint on October 1, 2012. [Doc. 18]. On March 26, 2013, Defendant filed a Motion for Leave to Amend Defendant's Answer in order to Assert Affirmative Defenses. [Doc. 31].  In this Motion, Defendant requested leave to file an Amended Answer in order to add one affirmative defense based upon information Defendant had recently learned during and through discovery for this case.  Although Defendant indicated in this Motion that "Plaintiff's counsel objects to the proposed amendment," *Id.* at 2, Plaintiff has filed

1

no opposition to Defendant's Motion for Leave to Amend and the period in which Plaintiff could have filed such an opposition is now closed.

## II.    <u>DISCUSSION</u>

Pursuant to Fed. R. Civ. P. 15(a)(2), a party may amend its pleading only with either the opposing party's written consent or with the Court's leave.  Defendant seeks the latter, and under Rule 15(a)(2), the Court "should freely give" such "leave when justice so requires."  Fed. R. Civ. P. 15(a)(2).  Indeed, as the Supreme Court noted over half a century ago, while "the grant or denial of an opportunity to amend is within the discretion of the District Court," in "the absence of any apparent or declared reason -- such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc. -- the leave sought should, as the [federal] rules require, be 'freely given.'" *Foman v. Davis*, 371 U.S. 178, 182 (1962); *see also, e.g., Veritas-Scalable Inv. Products Fund, LLC v. FB Foods, Inc.*, No. 3:04-CV-01199, 2006 WL 2520262 at *2 (D. Conn. July 26, 2006) (stating that the "Supreme Court has emphasized that amendment" of a pleading "should normally be permitted and has stated that refusal to grant leave without justification is inconsistent with the spirit of the Federal Rules.") (quoting *Independence Ins. Serv. Corp. v. Hartford Fin. Servs. Group, Inc.*, No. 3:04-CV-01512, 2005 WL 1038991 at *4 (D. Conn. May 3, 2005)).

The Second Circuit instructs that to determine what constitutes 'prejudice,' the trial court must consider whether an assertion of the proposed amended claims would (1) require the opponent to expend significant additional resources to conduct discovery or prepare for trial; (2)

2

significantly delay the resolution of the dispute; or (3) prevent a plaintiff from bringing a timely action in another jurisdiction. *Veritas-Scalable Inv. Products Fund, LLC v. FB Foods, Inc.*, 2006 WL 2520262 at *7.  The Court here finds that Defendant's Amendment would not prejudice Plaintiff given that, as Defendant notes, "the facts supporting this defense only became known during discovery, which remains open ... and depositions have not yet been noticed."  [Doc. 33] at 5.

The Court also finds that there is no undue delay, bad faith, or dilatory motive on the part of Defendant, as this motion is based upon evidence that was brought to light after Plaintiff produced documents and other materials responsive to Defendant's production requests.  [Doc. 33] at 5.  The Court similarly finds that the proposed amendment is not futile, given the facts presented by Defendant, *see, e.g.,* [Doc. 33] at 5-6, and given that in determining futility, a Court does not focus upon whether a party will ultimately prevail, but rather whether that party "is entitled to offer evidence to support" its claims.  *Veritas-Scalable Inv. Products Fund, LLC v. FB Foods, Inc.*, 2006 WL 2520262 at *26 (internal quotation marks and citation omitted).

III.   <u>CONCLUSION</u>

Given that the Court finds that granting Defendant's Motion to Amend would not result in prejudice to Plaintiff; that Defendant's motion has not been made with undue delay, bad faith, or any dilatory motive; and that the proposed amendment is not futile, the Court GRANTS for good cause shown Defendant's Motion to Amend its Answer to Plaintiff's Complaint [Doc. 31].

The foregoing is SO ORDERED.

Dated: New Haven, Connecticut
       April 30, 2013

3

_/s/Charles S. Haight, Jr._
Charles S. Haight, Jr.
Senior United States District Judge